# MATTER OF ESTATE AND GUARDIANSHIP OF
# LESLIE S. PEETS, A MINOR

## SUPERIOR COURT, COUNTY OF ALAMEDA

'( Guardian and Ward.   Final Settlement )

November 19th, 1923.

---

In the matter of the Guardian's application for discharge after filing receipt from Ward and before filing and settlement of final account.   Application denied.

---

**1. GUARDIAN AND WARD.   NO DISCHARGE UNTIL SETTLEMENT OF FINAL ACCOUNT.**

Although a guardian may have settled with and filed his receipt from his ward who has come to majority under Civ. Code Sec. 246, that does not discharge him, ipso facto, and he is not entitled to a decree discharging him and his sureties on ex parte application until he has filed and had settled by judicial decree, by the court his final account under section 256, in view of section 257 and Code Civ. Proc. 1697, 1808.

**2. GUARDIAN AND WARD — BONDSMEN — INTERESTED IN DISCHARGE DECREE.**

Sureties on guardian's bond are vitally interested in his filing and having allowed his final account and procuring his and their discharge by final decree.

## Must File Account Before Discharge.

A guardian must file and secure approval of his account to his ward before a final discharge can be secured according to a decision just handed down by the Hon. E. C. Robinson, Judge of the Probate Department in the Superior Court of this County.   The decision comes in the matter of the estate and guardianship of Leslie S. Peets, a minor, and is here given in full:

---

### E. C. Robinson, Judge.

---

## Decision on Application for Discharge.
### In the Superior Court of the State of California.

In and for the County of Alameda.

No. 24412.

In the matter of the estate and guardianship of Leslie S. Peets, a minor.

**The Court.** The guardian presents the receipt of his ward, and requests a decree discharging him and his sureties, reciting in his petition that the guardian has settled with his ward.

There has been no account filed by the guardian, and his application is made ex parte. The ward is now past twenty-two years of age.

Section 246 Civil Code provides that "after a ward has come to his majority he may settle his accounts with his guardian and give him a release, which is valid if obtained fairly and without undue influence." Such a settlement is not, ipso facto, a dischage of the guardian.

Section 250 Civil Code provides that: "The relation of guardian and ward is confidential, and is subject to the provisions of the title on Trust".

The sureties on the guardian's bond given on qualifying are vitally interested.

After reviewing many cases in other jurisdictions, our Supreme Court adopts the Texas rule, and says: "In this State we have one rule which prohibits an action on the bond of a guardian's surety until there is a final order settling the guardianship account, and another rule barring the action in three years after the removal or discharge of the guardian". Cook vs. Seas, 143 Cal. 221, 231. And on page 234 of the same case, Mr. Justice Van Dyke, concurring, says: "And when the guardian is appointed by the Court, he is not entitled to his discharge as to the estate until a year after the ward's majority (C. C. Sec. 257). Here, however, it is expressly found that no order or decree had ever been entered discharging or removing said guardian,

nor could such order have been made before the settlement of his final account (C. C. P. Secs. 1697, 1808)."

Again an administrator must present and have settled by the Court his final account and must deliver up "under the order of the Court, all the property of the estate to the parties entitled," before the Court will make a decree discharging him, etc.    (Sec. 1697, C. C. P.)    And the provisions of the statutes relating to accounts and discharge of administrators are applicable to guardians.    (See Sec. 1808 C. C. P.)

However it seems to me that a guardian should be required to file and have settled by the Court his final account, turn over to his ward (where he has not already done so by settlement under Sec. 256 C. C.) "under the order of the Court" all property belonging to his ward, taking and filing proper voucher or receipt from the ward, and obtain his judicial decree of discharge.    To all this surety is certainly entitled.

The application is denied.

**E. C. Robinson, Judge.**